UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ONGLYZA (SAXAGLIPTIN) AND KOMBIGLYZE
XR (SAXAGLIPTIN AND METFORMIN) PRODUCTS
LIABILITY LITIGATION     MDL No. 2809

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiffs in a Northern District of California action (*Williams*) move under 28 U.S.C. § 1407 to centralize actions involving heart failure and other injuries arising from the use of two drugs that are used in the treatment of Type 2 Diabetes Mellitus in the Northern District of California. The litigation currently consists of 41 actions[1] pending in 23 districts, as listed on Schedule A. Since the filing of the motion for centralization, the parties have notified the Panel of 43 additional actions[2] pending in 26 districts.

Plaintiffs in five actions support the Section 1407 motion in its entirety. Plaintiff in the first-filed Eastern District of Kentucky action (*Taylor*) supports centralization in the Northern District of California or, alternatively, the Eastern District of Kentucky. Defendants Astrazeneca Pharmaceuticals LP, Bristol-Myers Squibb Co., and McKesson Corp. oppose centralization and, alternatively, suggest that the Southern District of California be selected as the transferee district. If that district is not available, then the defendants suggest centralization in the Eastern or Western Districts of Kentucky or the Northern District of Georgia.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share numerous factual questions, inasmuch as plaintiffs allege that the use of Onglyza or Kombiglyze XR caused them or their decedent to develop heart failure or other conditions such as congestive heart failure, myocardial infarction and/or cardiovascular injury. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly on such matters as preemption of plaintiffs' claims and *Daubert* rulings); and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Three actions were dismissed during the pendency of the motion for centralization.

[2] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

Defendants oppose transfer by arguing that plaintiffs' allegations are supported by a single study (the SAVOR study), which itself supports only claims regarding heart failure – not the various other injuries (congestive heart failure, acute hypoxic respiratory failure, coronary artery disease and cardiovascular injury) plaintiffs allege. They argue that, as a consequence, these cases likely will turn on unique issues that are applicable to, at most, a small subset of other cases. Defendants also assert that informal coordination among the actions is a feasible alternative to centralization. These objections are insufficient to overcome the significant advantages that centralization will afford. To date, there are 84 cases pending in over 30 districts. Informal coordination among 84 cases scattered across the nation does not seem feasible (even if, as defendants argue, there are a dozen cases pending in the District of New Jersey that are ripe to be dismissed for failure to serve defendants). Defendants concede that most cases involve allegations of heart failure, which is squarely in line with the results of the SAVOR study and the subsequent label change for Onglyza and Kombiglyze XR in April 2016. If defendants are convinced that plaintiffs' claims regarding heart failure or other injuries lack scientific support, then centralization affords them a single forum in which to seek summary judgment, which might be applied to other similar cases. Centralization also will provide a single forum where disputes about the sufficiency of defendants' past and any supplemental document productions, as well as about expert discovery, can be handled in a streamlined fashion.

Given that the drugs at issue here were marketed nationwide, and no action or group of actions is significantly advanced, any number of potential transferee districts would be appropriate. We select the Eastern District of Kentucky, a relatively accessible district that is supported by defendants and certain plaintiffs, as transferee district for this litigation. The longest-pending action (*Taylor*) is proceeding apace in this district. We are confident that Chief Judge Karen K. Caldwell will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Kentucky are transferred to the Eastern District of Kentucky and, with the consent of that court, assigned to the Honorable Karen K. Caldwell for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | R. David Proctor |
| Catherine D. Perry | |

IN RE: ONGLYZA (SAXAGLIPTIN) AND KOMBIGLYZE XR
(SAXAGLIPTIN AND METFORMIN) PRODUCTS
LIABILITY LITIGATION                                          MDL No. 2809

## SCHEDULE A

    <u>Middle District of Alabama</u>

VALLENTINE v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 3:17‑00265

    <u>Northern District of Alabama</u>

PEOPLES v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 5:17‑00101

    <u>District of Arizona</u>

SETTLE v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:17‑01269

    <u>Northern District of California</u>

WILLIAMS, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 3:16‑07152
MARTIN v. BRISTOL‑MYERS COMPANY, ET AL., C.A. No. 3:17‑00661

    <u>Northern District of Georgia</u>

REID v. BRISTOL‑MEYERS SQUIBB COMPANY, ET AL., C.A. No. 1:17‑01503
TURNER v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:17‑02782
YORK v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:17‑02915
JOHNSON v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:17‑02916

    <u>District of Idaho</u>

CHRISTENSEN v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:17‑00321

    <u>Northern District of Indiana</u>

MILLER v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:17‑00330

- A2 -

Southern District of Indiana

COUSINS v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:17-02607

Eastern District of Kentucky

BARNES v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:17-00124
TAYLOR, ET AL. v. BRISTOL-MYERS SQUIBB COMPANY, INC., ET AL.,
    C.A. No. 5:16-00260

Western District of Kentucky

TUCKER v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-00268

Eastern District of Louisiana

ROSS v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:17-00443
LESTER SPEIGHTS v. BRISTOL-MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 2:17-07884

Middle District of Louisiana

BROWN v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-00039

Western District of Louisiana

LETELL v. BRISTOL-MYERS SQUIBB CO., ET AL., C.A. No. 2:17-00553

District of New Jersey

YOUNG v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-00347
REEVES, ET AL. v. BRISTOL-MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 3:17-03024
MITCHELL v. BRISTOL-MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 3:17-03026
BINNS v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-03028
TALTON v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-03029
MCAFEE v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-03030
GREEN v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-03032
ISHMAN v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-03033
ATKINS, SR. v. BRISTOL-MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 3:17-03034
DAY v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17-03035

- A3 -

ASENCIO v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17‑03036
SECHLER, ET AL. v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 3:17‑03037

    <u>Middle District of North Carolina</u>

HOLLAND v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:17‑00710

    <u>Southern District of Ohio</u>

CARPENTER v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:17‑00262

    <u>Eastern District of Oklahoma</u>

HULBERT v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 6:17‑00327

    <u>District of South Carolina</u>

DUBOSE v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 4:17‑01695

    <u>Eastern District of Tennessee</u>

CAMPBELL v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 1:17‑00219

    <u>Middle District of Tennessee</u>

WILCOX v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 3:17‑01202

    <u>Eastern District of Texas</u>

WARE v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 1:17‑00111

    <u>Northern District of Texas</u>

BOLLER v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 4:17‑00050

    <u>Southern District of Texas</u>

DAVILA v. BRISTOL‑MYERS SQUIBB COMPANY, ET AL., C.A. No. 2:17‑00145
CHESTER v. BRISTOL‑MEYERS SQUIBB COMPANY, ET AL., C.A. No. 4:17‑00316